ROBERT H. HAU, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1089.   Submitted May 31, 1941.—Decided June 6, 1941.

*José Sabater,* for appellant.   The respondent registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

On May 15, 1930, by deed executed before Notary José Sabater, Josefa Ducord acknowledged that she owed to Arturo Hau Salguero the amount of $1,500, which she bound herself to pay in the term of two years; and to secure said sum, its interest and an additional credit for costs in case of foreclosure, she executed a mortgage over an urban property which she owned, situated in Mayagüez, and she issued at the time of execution of the deed five promissory notes in favor of Mr. Hau Salguero, which were secured by the mortgage constituted over the property. Afterwards Robert H. Hau Schnabel acquired the urban property by purchase from Mrs. Ducord and by deed executed before the same Notary José Sabater, on May 13, 1941, he stated that he was the owner of the mortgaged property, which was recorded in his name in the Registry of Property, and that since he was the holder of the five notes aforesaid, the rights of owner of the aforesaid property, and creditor, had become merged, and in consequence he consented to the total cancellation of the mortgage for the principal, interest and costs which secured the notes, and he requested from the Registrar of Property of Mayagüez to make the proper entry; and to that purpose he stated:

". . . and to make said cancellation possible, it is his will and he consents THAT SAID FIVE PROMISSORY NOTES BE RENDERED INEFFECTIVE, AND THEREFOR I, the notary, PROCEED TO MAKE THEM INEFFECTIVE, AND DO SO, PUNCHING HOLES THROUGH THEIR SIGNATURES AND WRITING ACROSS THE FACE OF EACH ONE OF THEM THE WORD 'CANCELLED' AND THE DATE OF THIS DEED, and my signature, mark, paraph and notarial seal, and thereby said five promissory notes become worthless and ineffective and the mortgage aforesaid over the property in issue, described in the first paragraph of this deed, is also cancelled."

When said deed was presented to the Registrar of Property of Mayagüez he denied the record thereof based on a ruling which states:

"RECORD IS DENIED OF THE CANCELLATION expressed in this document, because the Registrar has observed that the mortgage whose cancellation is sought is represented by notes to the order of Arturo Hau Salguero, and as appears from deed No. 165 executed in Mayagüez on December 27, 1937, before Notary José Sabater García, which the Registrar has in his possession, said mortgage credit is owned jointly by Mrs. Therese A. Schnabel and her four children, Arturo Robert Henry, Alexander Schnabel, Robert Heinrich and Gladys Hau Schnabel, as heirs of Arturo Hau Salguero and assignees of Carmen María and Zoraida Agustina Hau Ruiz, and it does not appear that the aforesaid notes have been endorsed, transferred or assigned in any manner in favor of Robert H. Hau Schnabel, nor that he has been appointed as sole assignee and legal holder of the notes. The proper cautionary notice is entered for the legal term at folio 58 bis, volume 205 of Mayagüez, property No. 7193, note on the margin of the second entry. The promissory notes that evidence the debt have been examined. Mayagüez, March 27, 1941."

■■ The respondent registrar maintains in his brief that until it is shown to him that the other heirs have endorsed the promissory notes to the appellant, or that they have been adjudicated to him in the partition of the estate, he cannot cancel them. Section 82 of the Mortgage Law, as amended by Act of July 7, 1923 (page 218) copied as far as pertinent, states:

"Records made to secure sums represented *by negotiable paper, to bearer or by endorsement,* shall be canceled upon presentation of an instrument executed *by the persons who may have collected the credits,* which instrument must set forth *that the negotiable paper to bearer or by endorsement* was canceled at the time of its execution." .

The appellant maintains that the only requisite demanded by law is that it be expressed in the deed "that the negotiable paper to bearer or by endorsement was canceled" and that in the deed executed in this case it was stated by the Notary Mr. Sabater that he had rendered the five notes ineffective, punching holes through the signatures and writing the word "canceled" across each one; and he cites a paragraph from the order rendered by the Spanish Direc-

torate of Registries of Property on June 23, 1888, cited from Galindo & Escosura, *Comentarios a la Legislación Hipotecaria,* Vol. III, page 51, in relation to Section 82, *supra,* which says as follows:

"By another decision dated June 23, 1888, it was held that the cancellation of a mortgage, executed to secure promissory notes transferable by endorsement, could be made by deed containing the consent of *the last holder of the notes,* and stating also that the notes were rendered ineffective at the moment of execution of the deed." (Italics supplied.)

However, we have read the aforesaid order and from the facts thereof it appears that the case was one where the promissory notes in question, payable to order, had been duly endorsed in favor of the person who requested the cancellation of the mortgage in the registry. We copy from said order:

"Whereas by deed of May 23, 1885, Miguel Téllez de Sotomayor and Eduardo Palanca y Asensi sold to Manuel de Guzmán y Rivera a lot, marked number 3, segregated from a rural parcel called Montero Orchard; and as payment of part of the purchase price was deferred, the purchaser delivered to the vendors four promissory notes, two of them payable to Miguel Téllez or order, and the other two to Mr. Palanca or order, and to secure their payment the lot sold was mortgaged;

"Whereas the lot having been sold at first to Enrique Rivas Casalá and afterwards to José de la Huerta y Sánchez, and the mortgage credit aforesaid having been paid, the latter claimed that his title to the property be formally secured and also that the mortgage be canceled; and to that purpose a public deed was executed in the City of Málaga, on July 30, 1887, whereby Eduardo Palanca as holder of the four notes, *two of them by endorsement made by Miguel Téllez, acknowledged the extinction of the obligation represented by them and consented to the cancellation of the mortgage;*

"Whereas this document having been presented to the Registry of Property of Málaga, the cancellation was denied because the deed had not been executed by the persons in whose favor the mortgage was recorded, and according to Section 82 of the Law it cannot be canceled without their consent; and, on the other hand, the notes

to which the document make reference are not the negotiable paper transferable by endorsement to which Sections 153 and 82 of the Law refer;

"Whereas José de la Huerta filed an administrative appeal against the aforesaid ruling, on the ground that the obligation in question is transferable to order, which proves that Eduardo Palanca had capacity to execute their cancellation as owner of two of the notes *and because he acquired the other two by endorsement made by the other creditor Miguel Téllez,* and also that the registrar's appraisal, denying to this document the quality of transferable paper, is baseless." (Italics supplied.)

And deciding the case the board said:

"After examination of Sections 82 and 153 of the Mortgage Law;

"Whereas the documents to order, *are transferable by endorsement,* and it is indubitable that the four notes delivered by Manuel de Guzmán y Rivera to the vendors of the Montero Orchard were documents of that kind:

"Whereas the transfer of endorsable credits does not require the active or passive intervention of the debtor, *and for their transfer the simple endorsement signed by the creditor or by a person legally authorized by him to do so, is sufficient;*

"Whereas, as all these circumstances concur *in the endorsement made by Miguel Téllez in favor of Eduardo Palanca, the latter acquired ownership over the two notes issued to the order of the former;*

"Whereas the mortgage whose cancellation is sought having being executed to secure the notes, that is, obligations transferable by endorsement, the provision of law applicable to the case is the fourth paragraph of Section 153 of the Law, according to which the right of mortgage is considered to have been transferred with the obligation or the notes, without need of giving notice to the debtor or to record said transfer in the registry;

"Whereas if for all these reasons *the perfect right of ownership which pertains to Eduardo Palanca over the notes in issue cannot be denied, his full capacity to consent to the cancellation of the mortgage in which he is the only party in interest, must be acknowledged;*

"This General Directorate of Registries of Spain has decided to affirm the ruling appealed from." (Italics supplied.)

Hence, in said case it was not merely held that the last "holder" of the notes had the right to request their cancellation according to Section 82, *supra,* but the perfect right of ownership that said final possessor had was proved to the registrar, and in consequence his full capacity to consent to the cancellation of the mortgage in which he was the "only party in interest" was acknowledged.

The respondent registrar states in his ruling that according to deed number 137 executed on December 27, 1937, which he examined, the mortgage credit belongs jointly and *proindiviso* to the heirs of Arturo Hau Salguero and it does not appear that the notes have been endorsed, transferred or assigned in any manner in favor of the appellant Robert H. Hau Schnabel, or that the latter has become the only assignee or legal holder of the same. We are of opinion that under this set of facts the registrar was right in denying the cancellation of the mortgage. If the appellant is the owner of the notes by endorsement, transfer or assignment made by the other heirs, it is easy for him to prove it to the registrar who can then proceed to perform the cancellation sought.

The case of *Frontera* v. *Registrar,* II S.P.R. 709, (not published in English) cited by the appellant, does not favor his contention. There, the following was held:

"Whereas: With respect to the first ground on which the denegatory ruling of the Registrar of Property of Mayagüez is based, that is, because the mortgage deed appears recorded in favor of a person different from that who gives his consent for the cancellation, considering that although according to Section 82 of the Mortgage Law the entries of cautionary notices made by virtue of public deeds will not be cancelled except by order of a court against which no remedy of appeal has been filed, or by another deed or authentic document in which the person in whose favor the entry or cautionary notice has been made, or his grantees or legal representatives shall state their consent thereto, this provision is not applicable in case of an *obligation transferable by endorsement,* as are notes to order, *because in these cases the ownership of the mortgage credit is transferred by*

*the endorsement of the note without need of executing a deed of transfer,* or of recording such deed in the registry of property as established by Section 153 of the aforesaid Mortgage Law. As provided by the same Section 82 in its fourth paragraph, the presentation of the deed of receipt of payment, executed by those who have collected the debts, where it is stated that at the time of execution of the deed the negotiable paper has been rendered ineffective, is sufficient for the cancellation of the mortgage in such cases, . . ." (Italics supplied.)

It was expressly held that "the ownership of the mortgage credit is transferred by endorsement" and when this appears from the deed, the cancellation should be performed. The case of *Nichols* v. *Registrar of San Juan,* 31 P.R.R. 284, does not have either the scope that the appellant alleges.

The case at bar is not one of notes to bearer, but of notes to order which are obligations transferable by endorse-ment, *Frontera* v. *Registrar, supra.* And in the case of *Succrs. of Sanders, Philippi & Co.* v. *Delgado,* 27 P.R.R. 503, it was held that "the endorsement is the act whereby the *ownership* of a bill of exchange and other obligations payable to order is transferred". And in the recent case of *Caguas Co., Inc.* v. *Mombille, ante,* page 301, it was held that in a complaint to collect on a note to order it was unnecessary to allege that plaintiff was the owner of the note, because it was enough to aver that the note had been made to order and that plaintiff was the holder thereof *"through endorsement and delivery".*

In the case at bar none of the heirs separately, has any more right over the note than any other member of the Succession of Arturo Hau Salguero, until an endorsement or legal assignment of the same is proved.

The ruling appealed from is affirmed.